UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-07-513-1 |
| | § | |
| RHONDA FLEMING *in custody* | § | |

# Order

Pending before the court are defendant Rhonda Fleming's various motions. Dkts. 541, 542, 561, 563, 564. Upon consideration of the motions and the applicable law, the court makes the following rulings:

**1. Motion for Response on Pleadings - Dkt. 541**

Defendant's motion requests information regarding the status of her notice of appeal. This type of request for information should be directed to the Clerk of Court. *See* Dkt. 437. Accordingly, it is DENIED AS MOOT.

**2. Motion for Miscellaneous Hearing - Dkt. 542**

Defendant requests a hearing to "clarify" several pieces of information. First, she again requests her medical records from the court. In its previous order, the court clearly defined the procedure for defendant to obtain her records through the United States Marshal Service and instructed defendant to use those avenues. Dkt. 437. And, as is clear from her motion for evidentiary hearing discussed below, she has received her medical records. Therefore, no hearing is necessary on this issue. Second, she requests a hearing on the status of her transcript order for the transcripts from her proffer hearing. The court's role in the transcript process was completed when

it signed both the order for her to receive the transcripts in forma pauperis and the resulting form from the court reporter. *See* Dkts. 412, 436. According to the docket, the transcript was ordered by defendant, completed by the court reporter, and docketed by the clerk's office. Dkts. 444, 530, 531. Therefore, any further requests regarding the status of the transcript—as with any other document—should be made to the office of the Clerk of the Court. *See* Dkt. 437. Third, defendant states that the Joe Corley facility is diverting both outgoing and incoming mail. She therefore claims that she has no knowledge of the status of the motions she has filed, including whether they were actually filed. The appropriate forum for this complaint is through the administrative grievance system at the facility. She makes no claim, nor offers any proof that she has exhausted this system. Until she can make such a showing, the court will not intervene. Fourth, and similarly, the defendant states that the law library at Joe Corley has an outdated version of the sentencing guidelines. As she states in her motion, the USMS is responsible for updating the law library. Therefore, any grievances she has along those lines should be addressed to the USMS, not this court. Last, she argues that she has a right to hearing to object to the court's order of preliminary forfeiture. Federal Rule of Criminal Procedure 32.2(b)(1)(B) provides that "[i]f the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." FED. R. CRIM. P. 32.2(b)(1)(B). Therefore, the court will issue an order contemporaneous with this order setting a hearing on the defendant's objection to the preliminary order of forfeiture. Dkts. 356, 417. Accordingly, the motion is GRANTED IN PART as to a hearing on the preliminary order of forfeiture and DENIED IN PART in all other respects.

### 3.     Motion for Appointment of Expert Assistance under 18 U.S.C. § 3006A(e)(1) - Dkt. 561.

Additionally, defendant moves the court for appointment of a mental health expert pursuant to 18 U.S.C. § 3006A(e)(1). That section reads

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1). Defendant argues that she should at least be afforded an ex parte proceeding to determine whether an expert is necessary. However, the court has already granted defendant's request for funds for an independent mental health expert, not once but twice, and instructed her standby counsel to assist her in obtaining one. Dkts. 193, 199. Therefore, her motion for hearing is DENIED AS MOOT.

### 4.     Request for Transcript & Motion for Continuance - Dkt. 563

Additionally, defendant moves for a copy of the transcript of the entire trial and various pretrial hearings to assist in her objections to her presentence investigation report. She argues that factual statements made within the report were disproved at trial. Therefore, she needs the trial transcript to fully present her objections. The court disagrees for several reasons. First, her request is vague, identifying only one issue that she wishes to contest—the amount of loss. And, the amount of loss can be proved and rebutted through the trial exhibits without resort to the transcript. Defendant, by arrangement of the court, has had access to all of the trial exhibits since before her trial in April of 2009. Second, her request is untimely. The defendant has had the presentence report since late October of 2009. In fact, she has already filed her objections to the earlier

report—including the amount of loss.  Dkt. 453.  Although, the report was subsequently amended, the only corrections made by the probation department affected the calculation of the criminal history points—an issue not addressed at trial or during any pretrial hearings.  *See* Dkts. 513, 551. Therefore, if indeed there was a need for the entire transcript, the defendant would have known months ago that she needed to request them.  Instead she waited until right before her sentencing to request the transcripts and another continuance.  And third, the court can find no authority holding that a criminal defendant has a right to a copy of the transcripts at government expense for sentencing.  Any right she may have—and the court does not define any such right here—would exist on appeal.  And, requests for the transcript at government expense would need to be made to the appellate court for the purpose of supporting her appeal.  For these reasons, her request for transcripts of the entire trial and several pretrial hearings is DENIED.  Accordingly, her motion for continuance of the sentencing is also DENIED.

### 5. Motion for Order Setting Date for Evidentiary Hearing - Dkt. 564

Lastly, defendant moves for an evidentiary hearing.  Although she requests no particular relief beyond a hearing, the court treats this as a motion for a competency hearing.  She attaches pages from her medication log at the Joe Corley facility to support her contention that she was not properly medicated during her trial.  She argues that although the logs indicate definitively that she was given her medication on all but a few dates, the notations are actually false.  The court has already addressed whether the USMS and Joe Corley were in contempt of its order to provide the defendant her medication in the proper dosages at the proper times.  *See* Dkt. 395.  Based in part on the fact that although the defendant had demonstrated her ability and willingness to state to the court when she was not receiving her medications, she only once voiced any concerns during trial, the

court concluded that the USMS and Joe Corley were in substantial compliance with its order. The court has also already addressed the defendant's various requests for psychiatric experts, granting her the funds to retain an expert. Dkts. 193, 199. Therefore, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 7, 2010.

_____
Gray H. Miller
United States District Judge