**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-07-513-1 |
| | § | |
| RHONDA FLEMING *in custody* | § | |

## Order

Pending before the court are defendant Rhonda Fleming's requests for statutorily mandatory ex parte hearing under 18 U.S.C. § 3006A(e)(1), motions for new trial and request for hearing on the motion, and motion for continuance. Dkts. 581, 583, 584, 585, 586. Upon consideration of the motions and the applicable law, the motions are all DENIED.

The Fifth Circuit has not held that courts must hold a hearing on an ex parte application for appointment of expert under 18 U.S.C. § 3006A(e)(1). *United States v. Hardin*, 437 F.3d 463, 470 (5th Cir. 2006). Instead, the Fifth Circuit has said that a hearing was necessary only when the defendant has "demonstrated the expert was necessary for an adequate representation." *Id.* (internal quotations omitted). Or put another way, expert assistance is necessary "where the government's case rests heavily on a theory most competently addressed by expert testimony." *Id.* (internal quotations omitted). Here, because the court disallowed the defendant's intended use of the insanity defense and the use of mental health testimony to negate *mens rea*, expert testimony as to her mental state, the testimony of an expert is not necessary to negate the government's theory.

Additionally, before the trial in this case, the court granted the defendant's *pro se* motion for an expert. Dkts. 193, 199. Defendant now argues that the court was under an obligation not only to grant her motion for fees for an expert, but also to arrange for the expert. This misstates the judge's role in a defendant's self-representation. *McKaskle v. Wiggins*, 465 U.S. 168, 184, 104 S.

Ct. 944 (1984) ("Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course."). Therefore, the defendant's requests for statutorily mandatory ex parte hearing under 18 U.S.C. § 3006A(e)(1) is DENIED. And, because the motions for new trial and continuance are contingent on the court granting the defendant's requests for hearing under 18 U.S.C. § 3006A(e)(1), they are also DENIED.

It is SO ORDERED.

Signed at Houston, Texas on January 19, 2010.

_____
Gray H. Miller
United States District Judge