UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-07-513-1 |
| | § | |
| RHONDA FLEMING *in custody* | § | |

**Order**

Pending before the court is the Fifth Circuit's remand of defendant Rhonda Fleming's motions for release pending appeal. Dkt. 712. In its order, the Fifth Circuit held that the court had failed to address the factors for release pending appeal set forth in 18 U.S.C. § 3143(b). Therefore, the court now address its reasons that Fleming's motions for release pending appeal are DENIED. Dkts. 358, 366.

Section 3143(b)(1) provides in relevant part that:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
    (i) reversal,
    (ii) an order for a new trial,
    (iii) a sentence that does not include a term of imprisonment, or
    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The Fifth Circuit has interpreted § 3143(b) to require that "[t]o obtain release pending appeal, a convicted defendant must establish four factors: (1) that [s]he is not likely

to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." *United States v. Clark*, 917 F.3d 177, 179 (5th Cir. 1990) (citing FED. R. APP. P. 9(c); 18 U.S.C. § 3143(b)).  The factors are conjunctive, so the absence of any one factor will prevent release.  *Id.*  Here, the defendant fails the first prong, because she is likely to flee.  Therefore, the court need not address whether the appeal raises a substantial question of law or fact.

The court finds that Fleming is a flight risk, because she has fled in the past, she has the ability to get money quickly, and she has great incentive to flee.  Fleming has an extensive criminal history consisting primarily of theft, credit-card fraud, identity theft, and other fraud schemes.  Dkts. 90, 488.  In fact, when she committed the offenses for which the jury convicted her, she was on federal supervised release and state parole.  Dkt. 488.  She has had both her parole and her federal supervised release revoked.  Dkt. 90.  In fact, the Texas Department of Criminal Justice filed a detainer on her in February of 2008.  Dkt. 488.

In the past, she has failed to appear in court on occasions and been a fugitive from justice. *Id.*  The types of crimes she has committed illustrate her facility for amassing money quickly.  *Id.* Her sentence, as it presently stands, is substantial—30 years in prison, 5 years supervised release, and close to six million dollars in restitution to Medicare.  Dkt. 598.  In short, she is a career criminal who has demonstrated in the past that she will flee, has the ability to gather money quickly, and has the motivation to flee—a significant amount of time in jail.

Therefore, she has not carried her burden of demonstrating by clear and convincing evidence that she is unlikely to flee. 18 U.S.C. § 3243(b)(1); *Clark*, 917 F.3d at 179. Accordingly, the motions for release pending appeal are DENIED.

It is so ORDERED.

Signed at Houston, Texas on July 20, 2010.

_____
Gray H. Miller
United States District Judge