UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-07-513-01 |
| | § | |
| RHONDA FLEMING | § | |

**ORDER**

Defendant's Rule 60(b) motion (Docket Entry No. 1135), motion for release (Docket Entry No. 1139), and motion for judgment on the pleadings (Docket Entry No. 1143) raise issues and arguments that have been previously rejected by the courts, and warrant no further consideration. The motions are DISMISSED. In the alternative, the motions are DENIED.

*Sanctions Warning*

The Court reaffirms its prior sanctions warning issued against Defendant on June 21, 2017. Because of the close proximity in time between Defendant's mailing of the above motions and the Court's sanctions warning of June 21, 2017, no sanctions will be imposed against Defendant at this time. Should Defendant subsequently pursue a frivolous, repetitive, or otherwise abusive filing with this Court, the sanctions warning will be enforced.

Defendant's instant motions again request habeas or other post-conviction relief on arguments that were previously presented to, and rejected by, this Court and the Fifth Circuit Court of Appeals. *See In re Fleming*, Case No. 14-20189 (5th Cir. May 14, 2014) (denying petition for writ of mandamus); *United States v. Fleming*, Case No. 14-20246 (5th Cir. Sept. 4, 2015) (denying COA regarding section 2255 motion); *United States v. Fleming*, Case No.

14-20474 (5th Cir. Nov. 12, 2015) (denying COA regarding Rule 60(b) motion); *United States v. Fleming*, Case No. 14-20476 (5th Cir. July 6, 2015) (dismissing petition for writ of mandamus); *In re Fleming*, Case No. 14-20530 (5th Cir. Dec. 18, 2014) (denying authorization to file successive section 2255 motion); *In re Fleming*, Case No. 15-20368 (5th Cir. Dec. 16, 2015) (denying petition for writ of mandamus); *In re Fleming*, Case No. 16-20490 (5th Cir. Oct. 24, 2016) (denying authorization to file successive section 2255 motion); *United States v. Fleming*, Case No. 16-20732 (5th Cir., Aug. 8, 2017) (dismissing as frivolous appeal from denial of Rule 60(b) motion). Defendant's most recent motion for authorization to file a successive section 2255 petition remains pending before the Fifth Circuit in *In re Fleming*, Case. No. 17-20283 (5th Cir., filed April 21, 2017).

These Fifth Circuit proceedings represent numerous post-conviction motions filed by Defendant in this Court, the overwhelming majority of which raise the same or similar issues. Defendant's filing of repetitive claims and arguments, raising repetitive claims and arguments under guise of "new" grounds, and continuing to advance claims and arguments already rejected by the courts, constitutes malicious abuse of the judicial system that will not be allowed to continue unabated. *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The Fifth Circuit recently issued the following sanctions warning against Defendant:

> Fleming is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (noting federal courts' inherent power to sanction litigants for frivolous filings).

*United States v. Fleming*, Case No. 16-20732 (5th Cir. Aug. 8, 2017).

<u>Accordingly, Defendant is again warned that her persistent abuse of the judicial system by raising arguments or claims that have been raised and addressed in prior motions or proceedings before this Court or in proceedings before the Fifth Circuit Court of Appeals will result in this Court's imposition of sanctions against her, including, but not limited to, monetary penalties and limitations on her ability to file further lawsuits, motions, or pleadings. Moreover, Defendant's continued conduct in pursuing frivolous or repetitive filings regarding the same subject matter will subject her to additional and progressively more severe sanctions</u>.

Signed at Houston, Texas, on August 10, 2017.

_____
Gray H. Miller
United States District Judge

3