# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL ACTION H-07-513-1 |
| | § | |
| RHONDA FLEMING | § | |

## ORDER

Pending before the Court are defendant's *pro se* motions to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Docket Entries No. 1174, 1175, 1178), and motion for judgment on unopposed motion (Docket Entry No. 1177). In support, defendant alleges that she is the victim of three incidents of sexual misconduct by federal prison employees over the past twelves years. She claims that many other female inmates have been sexually assaulted at other prison facilities. Defendant argues that these incidents of sexual harassment and misconduct suffice as "extraordinary and compelling reasons" for allowing her to return home in lieu of remaining incarcerated.[1] She also complains that she is housed near male transgender prisoners who have not undergone gender reassignment surgery.

Defendant does not seek reduction of her sentence; rather, she seeks immediate release from incarceration or assignment to community custody or home confinement. She argues that she should be immediately released from prison pursuant to the provisions of

---

[1] Defendant also makes references to events and litigation involving other federal prisons and prisoners. She further references a successful lawsuit brought by prison *employees* against prison officials for sexual harassment. These lawsuits and events did not involve defendant and lend no support to her own pending motions.

section 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" warranting such relief.  Under the cited statutory provisions,

> (A)   the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, *may reduce the term of imprisonment (and may impose a term of probation or supervised release* with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

As an initial observation, the Court notes that defendant has not established her standing to bring this motion at this time.  As shown above, the statute sets forth specific exhaustion requirements that must be met before seeking judicial relief.  Defendant's cursory allegations of having "made her request to the Warden" and of "not receiv[ing] a response" do not demonstrate her compliance with the narrowly-drawn statutory prerequisites.

Moreover, defendant does not show, nor does the Court find, that the requested judicial relief is consistent with applicable policy statements issued by the Sentencing Commission.  To any extent this Court is authorized to make its own determination of what constitutes "extraordinary and compelling reasons," the Court finds no such reasons have

2

been shown.[2] While the Court does not in any way condone sexual harassment, misconduct, or abuse of any nature against any individual in any prison setting, defendant's motions do not demonstrate extraordinary and compelling reasons to reduce the term of her imprisonment and impose an immediate term of probation or supervised release under section 3582(c)(1)(A)(i).

To the extent defendant seeks to utilize section 3582 to reduce and modify forfeiture and restitution provisions of her judgment or related orders, her request is denied. Defendant provides this Court no applicable authority establishing that section 3582 is an appropriate vehicle for challenging restitution or forfeiture orders, and this Court has found none.

Defendant's motions to reduce sentence (Docket Entries No. 1174, 1175, 1178) are DENIED. Defendant's motion for judgment on unopposed motion (Docket Entry No. 1177) is DENIED.

Signed at Houston, Texas on February 28, 2020.

  
_____  
Gray H. Miller  
Senior United States District Judge

---

[2] *See United States v. Cantu*, C.A. No. 1:05-CR-458-1, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019).