TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

FROM: 20446009
TO:
SUBJECT:
DATE: 11/13/2021 07:03:23 AM

United States Courts
Southern District of Texas
FILED

NOV 22 2021

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

V. NO. 4:07-CR-513-1

RHONDA FLEMING

DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Defendant files this Motion for Compassionate Release or Reconsideration, to comply with the Court's Order in October 2021, which denied the request, without prejudice.

HEALTH STATUS OF THE DEFENDANT

Since the filing of the last motion for compassionate release, where she stated, she was highly susceptible to the virus, due to her pre-existing condition of obesity, pre-diabetic, and chronic anemia, the Defendant contracted a severe case of the Delta variant in September 2021, was hospitalized for almost 2 weeks, and was under medical care at the prison, until late October 2021, in isolation.

The Defendant's symptoms remain, with shortness of breath, fatigue, coughing, and brain fog. Health Services has informed the Defendant that she is suffering with long covid symptoms.

Out of 86 inmates in the Defendant's housing unit, 80 had to be taken to quarantine/isolation. Many were vaccinated, but at least 25 of these contracted the virus. Inmates were hospitalized for weeks and Inmate Joneka Treece died on October 15, 2021. A male inmate at FDC-Tallahassee also died.

The prison failed to quarantine inmate Food Service workers after 3 correctional officers assigned to Food Service contracted the virus. The inmate workers brought the virus back to the housing unit causing the Defendant to contract the virus.

EVIDENTIARY REQUIREMENTS

This Court and other district courts have addressed several requirements that must be met for it to grant compassionate release to the Defendant, as follows, paraphrasing:

1. Evidence of a pre-existing condition that makes the Defendant susceptible to the virus;

2. Extraordinary and compelling reasons to justify a reduction in sentence;

3. Proof that the Defendant is not a threat to the community;

4. The reduction in sentence is consistent with 18 USC Section 3553(a); and,

5. The Court has jurisdiction to order the Defendant to be placed on home confinement.

The Defendant meets all of these requirements.

A. EVIDENCE OF A PRE-EXISTING CONDITION IS A EXTRAORDINARY AND COMPELLING REASON TO JUSTIFY A REDUCTION IN SENTENCE.

1. The Defendant is obese and the CDC considers this a comorbidity

The Defendant suffers with obesity. She has a BMI is probably over 40. She is 5'9" and weighs over 230, and is 56 years old.

---

The Defendant has suffered with obesity, being pre-diabetic, and chronic anemia for several years due to poor diet and lack of exercise during the pandemic, with her weight increasing due to the nationwide lockdown of federal prisons.

Obesity and age made the Defendant a high risk for a severe case of the virus, as stated by the Center for Disease Control ("CDC"). Obesity if recognized as one of the main risk of contracting a severe case of the virus.

The Defendant meets the requirement of having a pre-existing condition that made her susceptible to the virus and becoming re -infected. Federal prisoners that were re-infected, even after being vaccinated have died.

2. Obesity reduces the effectiveness of the vaccine.

The Defendant has had one shot of the vaccine, but obesity and other comorbities, greatly reduced the effectiveness of the vaccine.

The Defendant did what she believed was the right thing to do, taking the vaccine. However, healthy people, with no pre-existing conditions are having breakthrough infections. Many correctional officers are refusing to take the vaccine and they are the cause of inmates contracting the virus. Correctional officers are protesting the vaccine mandate.

3. The Defendant's immune system is compromised by long term exposure to toxic mold and asbestos.

The Environmental Protection Agency (EPA), due to a badly leaking roof and no money to repair it, and rat/roach infestation advised the prison warden to close the housing unit the Defendant is held in, along with other housing units due to excess toxic mold. The Court may verify with the EPA that their agency has advised the previous and present warden to close several housing units because they are unsafe, by contacting the Acting Director for Region-4, John Blevins, email: blevins.john@epa.gov and Daphne Wilson, Environmental Justice Division, email: wilson.daphne@epa.gov. The EPA can verify the danger that the Defendant is in because they instructed the warden to remove inmates from these buildings.

Suffering with long COVID symptoms, the toxic mold is making the illness worse and there is no solution for the problem but to be removed from inhaling mold 24 hours a day. The Defendants and all other inmates that contracted the virus were placed back in the same housing unit which caused the severe cases of the virus.

While at the hospital, the physician asked the Defendant is she had ever had respiratory problems. The Defendant described the mold and asbestos in the housing units which are over 80 years old. The physician explained that the Defendant's respiratory system was in severe distress due to the mold.

Long term exposure to toxic mold and asbestos can cause death and the CDC has reported on mold causing a condition called Invasive Mold Infection/COVID-19, as well as Fungal Pneumonia. The Defendant was released from the hospital with pneumonia. Along with obesity and pre-diabetes, the housing unit conditions can be fatal and makes the Defendant more susceptible to being re-infected. Please see the following cases where district courts address the seriousness of obesity: United States v. Sanchez, No. 1:95-cr-05038-DAD, (ED Cal. 7/6/21)(robbery charges); United States v. Sawyer, No. 5:15-CR-160-BO-1(ED NC, 6/15/21)(receipt of child pornography); and United States v. Carroll, No. CR17-1039-LTS, (ND Iowa, 6/22/21)(distribution of fentanyl and heroin near a protected area).

The Defendant has met her burden as having a dangerous medical condition and presenting extraordinary and compelling reasons for a reduction in sentence.

B. THE DEFENDANT IS NOT A DANGER TO THE COMMUNITY AND HER DISCIPLINARY RECORDS REFLECTS HER READINESS TO BE RELEASED.

The Defendant has had one disciplinary action, over two years ago, and prior to that incident report, the Defendant had none for over four years. Since then, the Defendant has maintained clear conduct and is eligible for transfer to a prison camp. Any inmate that is assigned to a prison camp is not considered a danger to the community. The BOP does not allow dangerous inmates to be held at prison camps, with no fences, where inmates can just walkaway, into the community.

The Defendant is not a danger to the community. The crimes the Defendant is serving time for were committed almost 20 years ago. She has served 14 years and has learned her lesson. There is less than a 3% likelihood of recidivism for women over 45 years old. While in prison, she has participated in every program or class made available to her, although due to her long sentence, many vocational courses were unavailable.

---

The Defendant is ready to hold a job and earn her way in life. She will do anything legal to earn her living. The Court may review the "Inmate Program Review", to substantiate the fact that the Defendant has done everything the prison officials have requested to show her willingness to change and be a decent person. See EX-A.

C. SECTION 3553(a) FACTORS ARE MET IN THIS CASE

The Defendant committed white collar offenses. This is a serious offense, however, not violent and most inmates do not return to prison that are over 45 years of age. This factor favors the Defendant.

After serving 14 years in a hardcore prison, the Defendant is 100% deterred from committing any criminal acts. Most white collar offenders do not serve 14 years in prison. This long sentence has protected the public and given the Defendant true respect for the power of the law. This factor favors the Defendant.

Other factors include education and medical care. The Defendant is extremely sensitive to the high level of toxic mold at the prison. She needs care not given at the prison. Treatment for long covid and mold illnesses requires to be first removed from the area where the mold is at or the mold removed. In decades, the prison has not removed the mold from A-South Unit or fixed the leaking roof that caused the mold. The Defendant may have lung damage and unfortunately, the FBOP Health Services cannot be trusted to recognize and treat this illness. So this factor favors the Defendant.

As stated above, defendants firearms and drug offenses have been granted compassionate release. Even murderers have been granted compassionate release. Please see the next Section. Based on the wide range of defendants that have been granted compassionate release, this factor favors the Defendant.

The totality of the factors favors the Defendant receiving a reduction in sentence/compassionate release.

D. HOME CONFINEMENT WHILE ON SUPERVISED RELEASE

The Defendant asked the Court to consider granting her compassionate release, and that she would submit to home confinement for the first year of her term of supervised release. In other words, the Defendant is asking the Court to grant compassionate release and modify the terms of supervision. The Court has the jurisdiction to modify supervised release conditions, if it grants compassionate release.

In United States v. Rita Gluzman, No. 7:96-cr-323(LJL), ( July 23, 2020), the defendant who murdered her husband, chopping him up in 65 pieces, was granted compassionate release, and her term of supervised release was modified placing her on home confinement. If the Court determines that compassionate release is warranted due to her age and health problems, but would like to restrict the Defendant's activities, the Court can grant the reduction in sentence and modify the supervised release conditions to include serving the first year on home confinement.

The Defendant will live with a close family friend, in Cypress, Texas, who has no criminal history and has been employed in the same field over 25 years. The Defendant has provided the Case Management Coordinator, Ms. K. Harvey, (850-878-2173), at the prison, her release information. The Defendant will take any job available and enroll in classes for cloud computing, offered online.

CONCLUSION

The Defendant is serving a prison sentence for crimes committed while she was in her thirties. The Defendant is in her late fifties. The Defendant regrets her past actions and for the last 14 years has done her best to change, to include clear conduct for over 2 years, while focusing on being a better person. The Defendant is asking the Court to save her life, maybe not from death, but from additional long term damage to her respiratory system and/or cancer from the toxic mold and asbestos. The Defendant's fears are warranted. The Court may consider that two judges died due to mold exposure in courtrooms, Judge Ted Klein and Judge Cheryl Aleman, in federal buildings. The Government has a history of failing to remove mold from its facilities.

The Defendant has served over 60% of her sentence. The Defendant's conduct while at FCI-Tallahassee proves she is a changed person. The Defendant's conduct for the past 14 years shows that she is a person that respects law enforcement, follows the rules, and is a hard worker.

Granting relief will remove the Defendant from environmental conditions that are causing her health to become worse.

For the reasons stated, the Defendant prays the Court will grant compassionate release.

---

Respectfully Submitted,

Rhonda Fleming, Defendant
November 13, 2021

Reg. No. 20446-009
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

CERTIFICATE OF SERVICE

Service is performed by the electronic filing of this document by the U.S. Clerk's Office.

Rhonda Fleming, Defendant



# Individualized Needs Plan - Program Review (Inmate Copy)

SEQUENCE: 00648044

Dept. of Justice / Federal Bureau of Prisons

Team Date: 11-02-2021

Plan is for inmate: FLEMING, RHONDA ANN 20446-009

| | | | |
|---|---|---|---|
| Facility: | TAL TALLAHASSEE FCI | Proj. Rel. Date: | 09-29-2033 |
| Name: | FLEMING, RHONDA ANN | Proj. Rel. Mthd: | GCT REL |
| Register No.: | 20446-009 | DNA Status: | BRY00380 / 05-24-2006 |
| Age: | 56 | | |
| Date of Birth: | 09-22-1965 | | |

## Detainers

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| TAL | A UNIT | A UNIT ORDERLY | 10-06-2021 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| TAL | ESL HAS | ENGLISH PROFICIENT | 02-16-1996 |
| TAL | GED HAS | COMPLETED GED OR HS DIPLOMA | 02-16-1996 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| TAL F | C | HEALTHY AGING BODY PART | 04-29-2021 | 07-14-2021 |
| TAL F | C | CARDIO BLAST | 01-07-2021 | 06-07-2021 |
| TAL F | C | BASIC NUTRITION | 03-05-2021 | 05-24-2021 |
| TAL F | C | MONEY SMART OLDER POP PART | 02-24-2021 | 04-28-2021 |
| TAL F | C | BEGINNING CARDMAKING CLASS | 02-24-2021 | 04-25-2021 |
| TAL F | C | CROCHET | 08-29-2020 | 10-31-2020 |
| TAL F | C | ACE- MONEY MANAGEMENT SKILLS | 08-24-2020 | 09-24-2020 |
| TAL F | C | AIDS AWARE RPP#1 | 11-13-2018 | 11-13-2018 |
| CRW LOW | C | ACE THE 21ST CENTURY | 06-23-2016 | 06-23-2016 |
| CRW LOW | C | ACE - HISTORY OF BLACK ACHIEVE | 06-20-2016 | 06-20-2016 |
| CRW LOW | C | JESSIE OWENS | 06-06-2016 | 06-06-2016 |
| CRW LOW | C | WEIRD CREATURES PART 2 | 06-09-2016 | 06-09-2016 |
| CRW LOW | C | ACE-WE SHALL REMAIN AMERICA | 06-13-2016 | 06-13-2016 |
| TAL F | C | AIDS AWARE RPP#1 | 07-30-2013 | 07-30-2013 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 12-12-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-13-2015 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-RCVRD | COVID-19 RECOVERED | 10-19-2021 |
| LOWER BUNK | LOWER BUNK REQUIRED | 07-09-2022 |
| MED HOLD | MEDICAL HOLD - DO NOT TRANSFER | 10-29-2021 |
| NO PAPER | NO PAPER MEDICAL RECORD | 12-12-2017 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 12-12-2017 |
| YES F/S | CLEARED FOR FOOD SERVICE | 12-12-2017 |

## Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 04-30-2010 |
| ED WAIT HX | DRUG EDUCATION WAIT-RQ HIST | 01-04-2021 |

## FRP Payment Plan







**Individualized Needs Plan - Program Review (Inmate Copy)** SEQUENCE: 00648044

Dept. of Justice / Federal Bureau of Prisons Team Date: 11-02-2021

Plan is for inmate: FLEMING, RHONDA ANN 20446-009

Most Recent Payment Plan

**FRP Assignment: PART FINANC RESP-PARTICIPATES Start: 06-17-2016**

Inmate Decision: **AGREED** **$45.00** Frequency: **QUARTERLY**

Payments past 6 months: **$45.00** Obligation Balance: **$6,293,630.22**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $50.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | *** NO ADJUSTMENTS MADE IN LAST 6 MONTHS *** | | | |
| 2 | ASSMT | $6,700.00 | $6,175.00 | IMMEDIATE | EXPIRED |
| | | *** NO ADJUSTMENTS MADE IN LAST 6 MONTHS *** | | | |
| 3 | REST FV | $6,294,315.46 | $6,293,630.22 | IMMEDIATE | AGREED |

| Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|
| | 06-12-2021 | TAL | PAYMENT | INSIDE PMT | $45.00 |

**FRP Deposits**

Trust Fund Deposits - Past 6 months: $303.15 Payments commensurate ? Y

New Payment Plan: ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 11-01-2021 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 05-30-2021 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 05-30-2021 |
| N-COGNTV N | NEED - COGNITIONS NO | 05-30-2021 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 05-30-2021 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 05-30-2021 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 05-30-2021 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 05-30-2021 |
| N-MEDICL N | NEED - MEDICAL NO | 05-30-2021 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 05-30-2021 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 05-30-2021 |
| N-TRAUMA Y | NEED - TRAUMA YES | 05-30-2021 |
| N-WORK N | NEED - WORK NO | 05-30-2021 |
| R-MED | MEDIUM RISK RECIDIVISM LEVEL | 11-01-2021 |

**Progress since last review**



BOP nationwide action has imposed COVID-19 Enhanced Modified Operations which has amplified limited progress in the areas of inmate job performance on certain work details & inmate programming. Despite the circumstances, Fleming continues to communicate with staff effectively, resolve conflict, and maintain a positive attitude. Fleming cube sanitation since last program review has been good. She has maintain clear conduct for the past six months as recommended. She has not demonstrated any notable character issues since last program review. Inmate Fleming makes positive use of her leisure time. since her last program review, Fleming has enrolled in and completed Beginning Cardmaking class, Money Smart Older Population Part, basic Nutrition, Cardio Blast, and Healthy Aging Body Part.

**Next Program Review Goals**

Unit team recommends that you seek psychology services as needed throughout your incarceration to ensure you are able to manage your stress level while incarcerated. A progress of this goal will be discussed at your next program review in April 2022. Relate appropriately and effectively with staff and other inmates during incarceration. You should display the ability to develop and maintain healthy relationships to include the avoidance of co-dependency, as well as avoid negative interpersonal influences. This will be discussed during next program review in April 2022.

Make scheduled FRP payments. Fleming is set up to pay $50.00 monthly to begin 11/2021. Discussed FRP refuse and the consequences of missing scheduled payments.

**Long Term Goals**

Enroll/Complete a VT Program of your choice by May, 2024. * Continue to make payments toward your restitution. Complete all 6 Institution Pre-Release courses prior to your release date. This is a long-term goal and Fleming has been placed on the waiting list for enrollment in the Basic program.



**Individualized Needs Plan - Program Review (Inmate Copy)**

SEQUENCE: 00648044

Dept. of Justice / Federal Bureau of Prisons

Team Date: 11-02-2021

Plan is for inmate: FLEMING, RHONDA ANN 20446-009

## RRC/HC Placement

No.
Insufficient time to process RRC referral.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

## Comments

** FSA: ELIG/LOW

Work with your family and community on preparing for release from incarceration by setting up services and resources to help you with Independent Living Skills, Employment, Securing a Residence, Community Mental Health Services for Substance abuse/Drug Abuse issues and if applicable Anger Management and Victim Impact services. Continue to communicate respectfully and effectively with staff and other inmates.

You will be reviewed for the Residential Reentry Center placement (RRC) within 17 to 19 months prior to release.

Rhonda Fleming 20446-009
FCI-
PO Box 5000
Tallahassee, FL 32314

Tallahassee
WED 17 NO

United States Courts
Southern District of Texas
FILED
NOV 22 2021
Nathan Ochsner, Clerk of Court

United States Dist
Office of the C
P O Box 61010
Houston, TX 77